# United States District Court
## For The Western District of North Carolina

UNITED STATES OF AMERICA

V.

HAROLD FULLER

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:04cr107-02

USM Number: 19596-058
Mark P. Foster, Jr.
Defendant's Attorney

FILED
CHARLOTTE, N. C.

JUN 17 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

THE DEFENDANT:

X  pleaded guilty to count(s) 1.
_  Pleaded nolo contendere to count(s) which was accepted by the court.
X  was found guilty on count(s) 2 & 3 after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18:2113(d) | Armed Bank Robbery and aiding and abetting the same (18:2) | 4/5/2004 | 2 |
| 18:924(c) | Possession of a Firearm During and In Relation to a Crime of Violence and aiding and abetting the same. (18:2) | 4/5/2004 | 3 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, United States v. Booker, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

_  The defendant has been found not guilty on count(s) .
_  Count(s) (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: 5/20/05

_____
Signature of Judicial Officer

David A. Faber
Chief Judge

Date: 6/8/05.

DOCUMENT SCANNED

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Count 2: EIGHTY FOUR (84) MONTHS. Count 3: SIXTY (60) MONTHS to run consecutively to count 2 for a TOTAL OF ONE HUNDRED FORTY FOUR (144) MONTHS. Count 1 is VACATED by the Court.

X  The Court makes the following recommendations to the Bureau of Prisons:
   Participation in Inmate Financial Responsibility Program at the rate of $25 per quarter.
   Participation in Substance Abuse Treatment Program as described in 18:3621(e)(2).
   Designation to Butner, NC or as close as possible to Charlotte, NC.

X  The defendant is remanded to the custody of the United States Marshal.

__ The defendant shall surrender to the United States Marshal for this district:

   __ At ____ On ____.
   __ As notified by the United States Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   __ Before 2 pm on .
   __ As notified by the United States Marshal.
   __ As notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

   Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

                                              United States Marshal

                                           By
                                              Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>Count 2: THREE (3) YEARS. Count 3: THREE (3) YEARS to run concurrently with count 2</u>.

___ The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.

ADDITIONAL CONDITIONS:

Defendant: HAROLD FULLER  
Case Number: 3:04cr107-02

Judgment-Page 4 of 5

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
| --- | --- | --- |
| $200.00 | $0.00 | $13,109.50 |

### FINE

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

X     The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

X     The interest requirement is waived.

__     The interest requirement is modified as follows:

### COURT APPOINTED COUNSEL FEES

__     The defendant shall pay court appointed counsel fees.

__     The defendant shall pay $_____ Towards court appointed fees.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A __  Lump sum payment of $ _____ Due immediately, balance due

   __  Not later than _____ , or
   __  In accordance __ (C), __ (D) below; or

B _X_ Payment to begin immediately (may be combined with __ (C), _X_ (D) below); or

C __ Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence _____ (E.g. 30 or 60 days) after the date of this judgment; or

D _X_ Payment in equal __Monthly__ (E.g. weekly, monthly, quarterly) installments of $ __50.00__ To commence _60_ (E.g. 30 or 60 days) after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

__ The defendant shall pay the cost of prosecution.
__ The defendant shall pay the following court costs:
__ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade Street, Room 210, Charlotte, NC 28202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

**THE COURT ORDERS DESTRUCTION OF WEAPON INVOLVED.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| Branch Banking and Trust | $13,109.50 |

X     The defendant is jointly and severally liable with co-defendants for the total amount of restitution.

_     Any payment not in full shall be divided proportionately among victims.

FILED
CHARLOTTE, N. C.
JUN 17 2005
U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 3:04-00107-02

**HAROLD FULLER**

## MEMORANDUM OF SENTENCING HEARING AND REPORT OF STATEMENT OF REASONS

On May 20, 2005, the defendant appeared in person and by counsel, Mark P. Foster, Jr., and the United States appeared by Kenneth M. Smith, Assistant United States Attorney. Carolyn F. Morse was present on behalf of the United States Probation Office.

The court confirmed that counsel and the defendant have received and reviewed the presentence investigation report and the accompanying addendum [hereinafter referred to as "PSI"]. The court then heard argument with regard to defendant's objection to the probation officer's failure to recommend a downward adjustment for acceptance of responsibility. This objection the court OVERRULED, citing Application Note 2 to U.S.S.G. § 3E1.1, and noting that, although the defendant did plead guilty to Count One, he nevertheless put the Government to its burden of proof at trial, and was convicted on Counts Two and Three. Defendant's objection to the application of a one-level enhancement for an amount of loss exceeding $10,000.00 pursuant

to § 2B3.1 was SUSTAINED on the basis of United States v. Booker, 125 S. Ct. 738 (2005), the court having also noted that defendant Fuller's co-defendant was permitted to enter into a plea agreement stipulating a loss of less than $10,000.00.

Defendant next objected to the amount of restitution recommended in the PSI, which reflects the total amount taken from the bank, rather than the amount not accounted for after the money was recovered by law enforcement. The court OVERRULED defendant's objection on this point, observing that, because the PSI instructs that the amount of money recovered by law enforcement is to be credited to the defendants once returned to the bank, the defendant is not prejudiced by the amount of restitution recommended in the PSI. Finally, the court addressed defendant's fourth objection, in which he contended that the PSI should specify that he never physically possessed or used the firearm in question, and that none of the bank employees or customers ever saw the gun. This the court OVERRULED, finding that the evidence on this point was sufficiently nebulous so as to make a revision of the PSI inadvisable.

After confirming that there were no remaining objections to the report from either party, the court accepted the PSI and ORDERED it filed under seal except for the recommendations section prepared by the United States Probation Officer, which was ORDERED withheld. The court directed that, in the event of

an appeal of the sentence herein, the PSI, except for the recommendations section, will be made available to counsel on appeal.

In order to fulfill its obligations under Fed. R. Crim. P. 32(c)(3)(D), the court directed that a copy of this written Memorandum of Sentencing Hearing and Report of Statement of Reasons be appended to and accompany any copy of the PSI hereafter made available to the Federal Bureau of Prisons. No information was withheld from the report pursuant to Fed. R. Crim. P. 32(c)(3)(A).

Having received and reviewed the PSI, the court adopted as its findings of fact and conclusions of law the statements contained in the PSI, except as modified by further ruling of the court and detailed herein.

The court then VACATED defendant's conviction on Count One as a lesser included offense of his conviction on Count Two, and found the applicable Guideline levels and ranges with regard to Counts Two and Three of the superseding indictment to be as follows:

1. The Base Offense Level is 20.
2. The Total Offense Level is 22, the court having applied a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b), because the property of a financial institution was taken.
3. The Criminal History Category is VI.

4. The Guideline range is thus:

   a. Imprisonment for a total term of 144 months to 165 months, representing 84 months to 105 months with regard to Count Two and 60 months with regard to Count Three, the terms to run consecutively.

   b. Supervised release for a period of three to five years for each of Counts Two and Three, the terms to run concurrently.

   c. A total fine of $7,500.00 to $75,000.00.

   d. A mandatory special assessment of $200.00 under 18 U.S.C. § 3013.

After counsel for the defendant, the defendant, and the Assistant United States Attorney were given an opportunity to speak, and after hearing from several friends and family members of the defendant in person and by letter, the court stated the following sentence:

1. The defendant shall be committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 144 months, representing 84 months with regard to Count Two and 60 months with regard to Count Three, the terms of imprisonment to be served consecutively. While incarcerated, it is recommended that the defendant be evaluated by the Bureau of Prisons for enrollment in an appropriate substance abuse treatment program. It is

further recommended that the defendant be incarcerated at the nearest suitable facility to Charlotte, North Carolina.

2. Upon release from imprisonment, the defendant shall be placed on supervised release for a total term of three years, representing three years as to each of the two counts of conviction, the terms to run concurrently. While on supervised release, defendant shall be subject to the standard conditions of supervised release imposed by this district. The defendant shall not commit another federal, state, or local crime, shall not illegally possess a controlled substance, and shall not possess a firearm or destructive device. Throughout the period of supervision, the Probation Officer shall consider the defendant's economic circumstances as they pertain to the defendant's ability to pay any monetary penalty ordered, and shall notify the court of any material changes, with modifications recommended, as appropriate.

3. The court FINDS that the $200.00 special assessment is due and payable immediately, and ORDERS that it be paid through participation in the Bureau of Prisons' Inmate Financial Responsibility Program in installments of not less than twenty-five dollars per quarter. Upon release from imprisonment, the defendant shall pay any remaining balance in monthly installments of no less than $50.00,

with payments to commence within 60 days after release from imprisonment, until paid in full.

4. Having reviewed the Pretrial Services Report, as well as the factors set forth in 18 U.S.C. § 3572(a), the court finds that the defendant is unable financially to pay a fine in any amount. Accordingly, the court imposes no fine.

5. The court orders the defendant to make restitution as directed to Branch Banking and Trust in the amount of $13,109.50. The amount of restitution will be reduced once recovered monies are returned to the bank by law enforcement authorities. The defendant is jointly and severally liable with his co-defendant for the total amount of restitution. Following satisfaction in full of the mandatory special assessment, the defendant shall make quarterly payments during incarceration and subsequent monthly payments during supervised release, as set forth above, until the restitution obligation is fully satisfied.

The United States then moved for destruction of the weapon employed by the defendants in this matter, which motion the court GRANTED.

The court informed the defendant of his right to appeal the sentence imposed and the requirement that in order to initiate

such an appeal, a Notice of Appeal must be filed in this court within 10 days. The defendant was advised that if he wished to appeal the sentence and could not afford to hire counsel to represent him on appeal, the court would appoint counsel for him. The defendant was further advised that if he so requested, the Clerk of the Court would prepare and file a notice of appeal on his behalf.

At the conclusion of the sentencing, the defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to SEAL the attached Statement of Reasons as well as this Memorandum of Sentencing Hearing and Report of Statement of Reasons, and forward a sealed copy of each of these documents to counsel of record and to the Probation Office of this court for forwarding to the Sentencing Commission and Bureau of Prisons. The Probation Office is further directed to make the sealed Statement of Reasons and Memorandum of Sentencing Hearing and Report of Statement of Reasons, attachments to, and part of, any copy of the PSI made available to the Bureau of Prisons and the Court of Appeals.

It is SO ORDERED this 13th day of June, 2005.

ENTER:

David A. Faber
Chief Judge