# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:04-cr-00107-FDW-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| HAROLD FULLER, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court upon Defendant's "Motion for Modification of Imposed Term of Imprisonment" (Doc. No. 78) and "Motion to Compel" (Doc. No. 79). For the following reasons, Defendant's motions are DENIED.

Defendant's initial "Motion for Modification" purports to be based upon 18 U.S.C. § 3582(c)(2) and Amendments 591 and 599 to the United States Sentencing Guidelines. For twenty-nine pages, Defendant cites guideline provisions and amendments, policy statements, and case law. His objective, however, is made most clear in his "Motion to Compel," where he states his opinion that he has received a "prohibited § 924(c) statutory weapon enhancement, which is an illegal form of 'impermissible double counting' . . . ." In other words, Defendant believes that he was convicted of 18 U.S.C. § 924(c) **and** received a sentence enhancement under USSG § 2B3.1(b)(2). It is, of course, settled law that being both convicted under § 924(c) and receiving an enhancement under § 2B3.1(b)(2) is impermissible "double counting." See, e.g., United States v. Hadden, 475 F.3d 652, 657 (4th Cir. 2007); United States v. Reevey, 364 F.3d 151, 158-59 (4th Cir. 2004). In this case, however, Defendant was convicted under § 924(c) but **did not** receive a sentencing enhancement

under § 2B3.1(b)(2). In fact, Defendant's Presentence Investigation Report ("PSR") specifically states, "A weapon was possessed during the course of the robbery. An increase in offense level should be applied pursuant to USSG §2B3.1(b)(2)(C). **However, because the defendant was convicted of an offense pursuant to 18 U.S.C. § 924(c), no increase in offense level is given**" (emphasis added). Thus, the PSR did not include a § 2B3.1(b)(2) enhancement. It did, however, recommend an enhancement under § 2B3.1(b)(1), which provides for a two-level enhancement if "the property of a financial institution or post office was taken, or if the taking of such property was an object of the offense." The Court accepted the PSR's recommendation[1] for a § 2B3.1(b)(1) enhancement "because the property of a financial institution was taken." (Mem. of Sentencing Hearing and Report of Statement of Reasons at 3, Doc. No. 44.) As this statement makes clear, the enhancement had nothing to do with Defendant's firearms conviction under § 924(c), but rather was related to the theft of property from a financial institution. Thus, the Court did not engage in impermissible double counting by including a conviction under § 924(c) and an enhancement under § 2B3.1(b)(2) and Defendant's objections to his sentence are without merit.

Accordingly, Defendant's "Motion for Modification of Imposed Term of Imprisonment" and "Motion to Compel" are DENIED.

IT IS SO ORDERED.

Signed: April 29, 2008

Frank D. Whitney
United States District Judge

---

[1]The Court also resolved several objections to the PSR, none of which are related to Defendant's current motions.